IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JUL 2 4 2009

| Elijah M. Maven, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09cv480 (GBL/TRJ) |
| | ) | |
| Loretta K. Kelly, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Elijah M. Maven, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the City of Norfolk, Virginia for capital murder, attempted robbery, and two counts of unlawfully possessing a firearm as a felon. Petitioner also filed a Motion to Lift Stay and For Leave to File a Petition for Writ of Habeas Corpus.[1] By Order dated June 3, 2009, petitioner was directed to pay the $5.00 filing fee. Petitioner also was informed that his petition would be dismissed as time-barred unless he contested the application of the statute of limitations or established that he was entitled to equitable tolling. On July 1, petitioner submitted the required filing fee, and a response to the Court's June 3 Order, captioned as a Motion for Leave to Reserve Supporting Facts and Arguments for Claims in Habeas Corpus Petition for Further Habeas Review. After reviewing petitioner's response, the instant petitioner must be dismissed as barred by the statute of limitations, and petitioner's Motion must be denied.

As explained in the Court's June 3 Order, the applicable statute of limitations, 28 U.S.C.

---

[1] Despite petitioner's contentions, there is no "stay" that has been imposed on petitioner preventing his ability to file the instant petition. As a result, petitioner's Motion to Lift Stay and For Leave to File a Petition for a Writ of Habeas Corpus will be denied as moot.

§ 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was sentenced on January 27, 2006, in the Circuit Court for the City of Norfolk. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on October 12, 2006. Petitioner then appealed to the Supreme Court of Virginia, which refused his appeal on March 23, 2007. Therefore, petitioner's conviction became final on June 21, 2007, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On February 28, 2008, petitioner filed a state habeas petition in the Supreme Court of Virginia, which refused the petition on October 15, 2008. Although it is not clear, the earliest date on which petitioner could have filed the instant

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

petition is March 17, 2009.[3]

Between June 21, 2007, the date petitioner's conviction became final, and February 28, 2008, the date petitioner filed his state habeas petition, 252 days passed. Between October 15, 2008, the date petitioner's state habeas petition became final, and March 17, 2009, the earliest date on which petitioner could have filed his federal petition, an additional 153 days passed. When these days are combined they establish that the instant petition was filed at least 40 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his response to the Court's June 3 Order, petitioner asks the Court to "reserve" his supporting facts and arguments for "further habeas corpus review." Mot. for Leave 1. Petitioner asserts that because he does not have a copy of his "entire" case file, specifically that he is missing "police interview statements of six witnesses" that are "exculpatory evidence" in his case, he is unable to prepare and file "meaningful documents in this Court." Mot. for Leave 2. However, petitioner does not indicate who these witnesses are, what information is contained in

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner states only that he signed the instant petition before a notary on March 17, 2009. He does not aver when he gave it to prison officials, however, the envelope received by the Court containing the instant petition included a stamp on the front by petitioner's correctional institution stating that it was "received" by the institution on April 24, 2009. The Court then received the petition on May 4, 2009. Nonetheless, even using the earliest date on which petitioner could have given his petition to prison officials, March 17, 2009, the instant petition still would be forty days beyond the one-year limit, as explained above.

their statements, or how this information is relevant to his petition. Petitioner states that he sought to obtain the statements from both his trial and appellate counsel, but ultimately was told by his trial counsel that the prosecution did not give counsel this information. Mot. for Leave 2-4. Petitioner also asserts that he did not commit the crime for which he is presently incarcerated, and that because of this, "there may be evidence, affidavits, letters, etc. filed in this case and used to support his facts and arguments in his habeas corpus petition." Mot. for Leave 9. As a result, petitioner argues that he does not have all the "necessary" information to state fully his facts and arguments in his habeas petition, and asks this court to "decide the issue of the late appeal and to dismiss the remaining habeas claims without prejudice." Mot. for Leave 10.

Construed liberally, it appears that petitioner seeks entitlement to equitable tolling on the grounds of having an incomplete case file, and because he is actually innocent. In the Fourth Circuit, the one-year statute of limitations for § 2254 petitions is subject to equitable tolling. However, the court has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Accordingly, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

As to petitioner's first claim, that he has an incomplete file upon which to base the claims

in his federal habeas petition, petitioner fails to satisfy the three-part test established in Rouse. Although petitioner alleges that his lack of access to the documents is beyond his control, because the prosecutor never gave the statements to petitioner's trial counsel, petitioner presents no facts to demonstrate that lack of access to these documents constituted an extraordinary circumstance that prevented him from filing on time. As noted above, petitioner does not indicate who the witnesses are, what information is included in their statements, how the information contained in those statements would assist him in filing his federal habeas petition, or how the information already in his possession was insufficient to prepare his petition. Thus, petitioner is not entitled to equitable tolling as a result of his allegedly incomplete case file.

Petitioner also asserts that he is actually innocent of the crimes for which he is convicted. Although the Fourth Circuit has not expressly determined whether claims of actual innocence are sufficient to permit equitable tolling, other courts have reasonably concluded that such claims are not. See, e.g., Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (determining that "actual innocence is unrelated to the statutory timeliness rules"); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002) (finding that Congress did not include actual innocence as an exception to the one-year statute of limitations requirement in § 2244, and that the court would not create a "judge-made exception" where the congressional language was clear on its face); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that there was no express exemption in § 2244(d) for claims of actual innocence, and also determining that such claims do not justify equitable tolling). Because the reasoning in these cases is compelling, the Court concludes that petitioner's claim of actual innocence does not warrant the application of equitable tolling to the instant petition.

Moreover, even assuming claims of actual innocence can toll the statute of limitations, petitioner has presented only conclusory allegations that he is not guilty of the crime for which he was convicted. Without more, petitioner would not be entitled to equitable tolling. See, e.g., Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005) (holding that equitable tolling of the statute of limitations requires a "credible showing" of actual innocence); cf. Schlup v. Delo, 513 U.S. 298, 327 (1995) (stating that to support a claim of actual innocence, raised by a petitioner sentenced to death in order to excuse procedural default, the petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence"). As a result, the instant petition is time-barred, and must be dismissed, and petitioner's Motion for Leave to Reserve Supporting Facts and Arguments for Claims In Habeas Corpus Petition for Further Habeas Review must be denied.

Accordingly, it is hereby

ORDERED that petitioner's Motion to Lift Stay and For Leave to File a Petition for a Writ of Habeas Corpus (Docket # 3) be and is DENIED AS MOOT; and it is further

ORDERED that petitioner's Motion for Leave to Reserve Supporting Facts and Arguments for Claims In Habeas Corpus Petition for Further Habeas Review (Docket # 7) be and is DENIED; and it is further

ORDERED that the instant petition for a writ of habeas corpus (Docket # 1) be and is DISMISSED WITH PREJUDICE as time-barred.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement

stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this 24th day of July 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge